# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEVEN DOUGLAS SHUCK, II,**

      Petitioner,

v.                                               Civil Action No. 1:11cv109
                                                           (Judge Keeley)

**CIRCUIT COURT OF MINERAL COUNTY, WV,**

      Respondent.

## OPINION/REPORT AND RECOMMENDATION

This case was initiated on July 19, 2011, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. On July 28, 2011, the petitioner paid his $5.00 filing fee as directed. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P § 2.

### I. Factual and Procedural Background

**A. Petitioner's Conviction and Sentence**

The petitioner was convicted in the Circuit Court of Mineral County, West Virginia of three counts of sexual abuse by a custodian. The criminal action number assigned to the case in Mineral County is 10-F-143. The petitioner was sentenced on June 22, 2011 to an indeterminate period of incarceration of thirty to sixty years.

**B. Petitioner's Direct Appeal**

The petitioner has not yet appealed his conviction.

**C. Petitioner's State Habeas Petition**

The petitioner has not yet filed a state habeas petition.

### D. Petitioner's Federal Habeas Petition

On July 19, 2011, the petitioner filed the instant federal habeas petition. In the petition, the petitioner asserts no grounds for relief. He asks that this Court vacate his sentence.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. §2254(b). Therefore, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Baldwin v. Reese, 541 U.S. 27, 29 (2004); Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. See Duncan v. Henry, 513 U.S. 364, 365 (1995); see also Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992) (comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. at 32; see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is the petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution

Here, the petitioner has not yet filed a direct appeal of his state court conviction and sentence, nor has filed a post-conviction state habeas proceeding. Therefore, the undersigned finds that the petitioner's claims are not exhausted as he still has remedy available in State court. Thus, it is inappropriate for this Court to entertain the petitioner's federal habeas petition at this time and the petition should be dismissed.

### III. Recommendation

For the reasons set forth in this opinion, it is recommended that the petitioner's § 2254

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

petition be **DISMISSED without prejudice** to the petitioner's right to renew the same following the proper exhaustion of state remedies.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 4 August 2011

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE